UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| MILLER MANUFACTURING COMPANY & SPRINGER MAGRATH COMPANY | ) ) ) ) | Court File No. _____ |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) | (Jury Trial Demanded) |
| SYRVET, INC., | ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiffs, Miller Manufacturing Company and Springer Magrath Company (collectively "Plaintiffs"), for its Complaint against Defendant, Syrvet, Inc. state:

**NATURE OF THE CASE**

This is a case for false advertising and trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051 et seq., deceptive trade practices under the Minnesota Deceptive Trade Practices Act, Minnesota Unlawful Trade Practices Act, and violation of the Minnesota common law of unfair competition.  Plaintiffs' claims arise from Syrvet's infringing, deceptive and unlawful conduct in making false representations of fact and unsubstantiated claims of superiority in connection with the sale of unauthorized, competing knockoff products, in breach of agreement between the parties.

This case is important because Syrvet is poised to import and sell an electrical animal prod which represents a significant threat to human and animal health.  Plaintiffs seek an Order from this Court enjoining Syrvet from continued acts of unfair competition, of ordering seizure

of at least the electrical animal prods at issue, and relief in the form of money damages, as well

as recovery of its attorney fees and costs in bringing this action.

## THE PARTIES

1.      Plaintiff Miller Manufacturing Company ("Miller") is a Minnesota corporation

having its principal place of business at 2910 Waters Road, Suite 150, Eagan, MN 55121.  Miller

is a manufacturer and international distributor of farm, ranch and pet products. Its products are

sold through distributors that serve retailers of farm and ranch products in the USA, Canada and

over 35 countries around the world.

2.      Plaintiff Springer Magrath Company ("Springer Magrath") is a Minnesota

corporation having its principal place of business at 404 West B Street, McCook, NE 69001.

Along with Miller, Springer Magrath is an industry leader in the United States and throughout

the world of the production of electronic prods used to handle and move livestock safely and

efficiently.

3.      Defendant Syrvet, Inc. ("Defendant" or "Syrvet") is an Iowa corporation, having

its principal place of business at 955 SE Olon Drive, Waukee, IA 50263.  Syrvet is a distributor

of Plaintiffs' prods as well as other farm and ranch products.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the Lanham Act claims pursuant to 15

U.S.C. §§ 1121(a), 28 U.S.C. §§ 1331 and 1338(a) and pendent and supplemental jurisdiction

over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 in that such claims are joined

with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§

1050 et seq.

5.      Venue is proper in this district under 28 U.S.C. § 1391.  Upon information and

belief, Syrvet has marketed its products and services, and solicited clients throughout the United

States, including the District of Minnesota.  For example, Syrvet attended a Mid-States

Distributing Company farm show in January 2011 at the Minneapolis Convention Center,

located at 1301 Second Avenue South, Minneapolis, MN 55403.  At that show, Syrvet marketed

and displayed its products, including a Syrvet branded prod.

## FACTS

6.      For well over 50 years, Plaintiffs have been leading designers, manufacturers, and

marketers of livestock and vet supplies for animal health care, veterinary, and farm use.

Plaintiffs are known locally, nationally and worldwide for their quality in workmanship and time

tested and proven effective product reliability.

7.      Significantly, Plaintiffs have a worldwide reputation associated with high quality

and safe electrical livestock prods.  In connection with said livestock prods, Plaintiffs have

known and recognizable livestock prod colors and designs.

8.      More recently, the United States Patent & Trademark Office has recognized

Plaintiffs' rights and public recognition of Plaintiffs' colors in use on their prods.  For example,

Springer Magrath owns United States Trademark Registration No. 3,738,668, which covers the

color yellow on electrical animal prods.  A true and correct copy of this registration is attached as

Exhibit A.

9.      Plaintiffs use a network of distributors to distribute their products throughout the

United States and the world., and are mostly sold under the trademarks HOT SHOT and

SPRINGER MAGRATH.

10.     Syrvet is a longtime distributor of Plaintiffs livestock prods and other livestock

and vet supplies for animal health care, veterinary, and farm use.

11.     For more than 14 years, Plaintiffs and Syrvet enjoyed a mutually exclusive

contractual relationship whereby Plaintiffs granted Syrvet exclusive distribution rights in South

America for the distribution of Plaintiffs' products.  These products significantly include but are not limited to Plaintiffs' electrical animal prods, which are controlled devices and classified as dangerous weapons by the United States government.

12.     Pursuant to the agreement Syrvet agreed not to distribute any other electrical animal prods obtained from any source other than Plaintiffs and to limit said distribution to South America.

13.     Further to the core terms of the agreement, Plaintiffs provide to Syrvet exclusively an orange colored electrical prod for distribution in South America only.

14.     In violation of the parties' agreement, Syrvet has not limited its distribution to South America and has distributed Plaintiffs' orange electrical animal prods beyond South America to Australia, Spain, and Mexico.

15.     In further violation of the parties' agreement, Syrvet has the intent to distribute an electrical animal prod (and perhaps other competing products) from another source, namely, a Syrvet manufactured and branded electrical animal prod featuring the color yellow.

16.     This intent to distribute a competing, knockoff prod was discovered in late January 2011, when Plaintiffs' representatives attended the Mid-States Distributing Company farm show.

17.     On January 28, 2011, during the show, Plaintiffs' representatives saw a Syrvet display booth.  At the booth, the introduction of a new Syrvet branded livestock prod was touted.  It predominantly features the color yellow, which is subject of established Springer Magrath trademark rights.  At that time, there was no literature available about the new prod, however, a review of Syrvet's website contained more information.   A SyrVet new product  announcement was sent to a loyal Miller customer who in turn forwarded to new product announcement to Miller.

18.     As shown in Exhibit B to this Complaint, Syrvet's website states that it intends to begin the sale of its Syrvet branded electrical animal prods on March 1, 2011.  The Syrvet website includes photos of the Syrvet prod featuring the color yellow and an instructional manual for use with the prod.  Current and potential customers of the prod are encouraged to call Syrvet customer service with any questions and to order a prod.

19.     Importantly, Syrvet's website makes false and misleading representations of fact, such as Syrvet's "*high impact polymer shafts work with MAGRATH® handle units, and the motor is interchangeable with most HOT SHOT® prods*."    Upon information and belief, there is no support or reason to belief that the parts are not truly interchangeable.  A true and correct copy of excerpts of subject language appearing on Syrvet's promotional materials and website are attached as Exhibit B.

20.     Syrvet's website, moreover, has unsubstantiated claims of superiority like: "*Syrvet carries quality products* … [which] *"products are just as good, if not better than our competitors' items*," and [Syrvet's] "*electronic cattle prods [are] equivalent to Hot Shot® and Magrath®*." Upon information and belief, there is no support for these claims of superiority.  A true and correct copy of excerpts of subject language appearing on Syrvet's promotional materials and website are attached as Exhibit B.

21.     Syrvet's marketing and sale of electrical animal prods obtained from any other source is not authorized under the parties' agreement.

22.     Syrvet's distribution of Plaintiffs' orange prod beyond the borders of South America is not authorized under the parties' agreement.

23.     Syrvet's marketing and sale of a Syrvet branded prod featuring the color yellow is not authorized by Plaintiffs.

24.     Syrvet's statements made in advertising and promotion of the Syrvet branded prod featuring the color yellow are literally false and constitute unsubstantiated statements of superiority.

## CLAIM I
## FEDERAL FALSE ADVERTISING – 15 U.S.C. § 1125(a)

25.     Plaintiffs repeat the allegations of paragraphs 1-24 of this Complaint.

26.     Syrvet's false and misleading representations of fact, and unsubstantiated claims of superiority in commercial advertising and promotion are in violation of the Lanham Act, 15 U.S.C. §1125(a).

27.     Syrvet's false and misleading representations of fact, and unsubstantiated claims of superiority are in use in commerce, in connection with the sale and promotion of its competing knock-off products.

28.     Syrvet has displayed the false and misleading representations of fact, and unsubstantiated claims of superiority willfully.

29.     Syrvet's false assertions are likely to injure the public and Plaintiffs.  Syrvet's false and misleading representations of fact, and unsubstantiated claims of superiority may cause injury to human or other animal health.

30.     Syrvet's false assertions degrade the goodwill associated with Plaintiffs nd their products.

31.     Syrvet's false assertions are in violation of 15 U.S.C. §1125 (a)

32.     Pursuant to 15 U.S.C. §1117, Plaintiffs are entitled to recover their damages, including lost profits, Syrvet's profits, and the costs of this action.  This intentional nature of Syrvet's unlawful acts render this case "exceptional," entitling Plaintiffs to an award of attorneys fees under 15 U.S.C. 1117(a).

## CLAIM II
## FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. 1114(a)

33.     Plaintiffs repeat the allegations of paragraphs 1–32 of this Complaint.

34.     Springer Magrath owns the federally registered rights to use the color yellow on electrical animal prods.

35.     Syrvet's use of the color yellow in connection with the promotion and distribution of its own electrical animal prods in interstate commerce is without Springer Magrath's permission and likely to confuse the relevant public as to source, sponsorship, origin or affiliation.

36.     Syrvet's use of the color yellow constitutes infringement of Springer Macgrath's trademark rights in violation of 15 U.S.C. 1114(a).

37.     Syrvet's wrongful activities constitute trademark infringement and have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Springer Magrath's business, reputation and goodwill in its yellow mark.  Springer Magrath has no adequate remedy at law.

## CLAIM III
## DECEPTIVE TRADE PRACTICES – MINN. STAT. 325D.44

39.     Plaintiffs repeat the allegations of paragraphs 1-38 of this Complaint.

40.     Syrvet's prospective product and the accompanying announcement predominantly feature the color yellow, which is subject of established Springer Magrath trademark rights.  The "Livestock Prod Instruction Manual" associated with the product description is nearly a verbatim copy of the Instructions that accompany Plaintiffs branded livestock prods.  Syrvet's promotional materials contain false representations of fact and unsubstantiated claims of superiority. All of these acts constitute a violation of Minn. Stat. § 325D.44, including Minn. Stat. § 325D.44.

41.     Syrvet's acts and conduct are likely to cause confusion, mistake, or deception as to the source of origin of the goods and sponsorship and affiliation(s) with Plaintiffs.  Syrvet has engaged in deceptive trade practices in violation of Minn. Stat. § 325D.44, including Minn. Stat. § 325D.44.

42.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Syrvet is not enjoined.

43.     Pursuant to Minn. Stat. § 325D.45, Plaintiffs are entitled to recover their costs and attorneys' fees.

## CLAIM IV
## UNLAWFUL TRADE PRACTICES ACT – MINN. STAT. § 325D.15

44.     Plaintiff repeats the allegations of paragraphs 1-43 of this Complaint. Syrvet has engaged in unlawful trade practices in violation of Minn. Stat. § 325D.09 *et seq.*

45.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Syrvet is not enjoined.

46.     Pursuant to Minn. Stat. § 325D.15, Plaintiffs are entitled to recover their costs, disbursements, and reasonable attorneys' fees.

## CLAIM V
## COMMON LAW UNFAIR COMPETITION

47.      Plaintiffs repeat the allegations of paragraphs 1-46 of this Complaint.

48.     Syrvet's conduct constitutes unfair competition in violation of the rights of Plaintiffs.

49.     Syrvet's acts were taken in willful, deliberate and/or intentional disregard of Plaintiffs' rights.

50.     As a direct and proximate result of the unfair competition of Syrvet, Plaintiffs have suffered and will continue to suffer irreparable harm if the conduct of Defendants is not enjoined.

**CLAIM VI**
**BREACH OF CONTRACT**

51.     Plaintiff's repeat the allegations of paragraphs 1-51 of this Complaint.

52.     Plaintiffs and Syrvet have a mutually exclusive agreement for the distribution of Plaintiffs' product to South America.

53.  Plaintiffs have exclusively provided said product to Syrvet.

54.     In breach of the parties' agreement, Syrvet has not limited its distribution to South America and has distributed Plaintiffs' orange electrical animal prods beyond South America to Australia, Spain, and Mexico. In further violation of the parties' agreement, Syrvet has the intent to distribute an electrical animal prod (and perhaps other competing products) from another source, namely, a Syrvet manufactured and branded electrical animal prod featuring the color yellow.

55.     As a direct and proximate result of Syrvet's breach, Plaintiffs have suffered and will continue to suffer irreparable harm and have incurred damages, a measure of which is to be determined at trial.

**CLAIM VII**
**UNJUST ENRICHMENT**

56.     Plaintiffs repeat the allegations of paragraphs 1-55 of the Complaint.

57.     By virtue of all of the conduct complained of herein, a benefit has been and will be conferred on Syrvet.  Such benefits include but are not limited to exclusive access to the South American territory for Plaintiffs' products.

58.     Syrvet has appreciation, and knowing acceptance of such benefits.

59.     It would be inequitable for Syrvet to retain such benefits without compensation to Plaintiffs.

## JURY DEMAND

Plaintiff respectfully requests a jury trial for this matter.

**WHEREFORE**, the Plaintiffs pray that the Court enter an order:

A.     Preliminarily and permanently enjoining and restraining Syrvet, its directors, members, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under it, at first during the pendency of this action and thereafter perpetually:

      1.     from committing any acts of trademark infringement, unfair competition, false advertising, or deceptive or unlawful trade practices;

      2.     from making any statements on promotional materials or advertising for Syrvet's goods that are false or misleading;

      3.     from further breach of the parties' agreement;

B.     Ordering seizure of at least the electrical animal prods at issue;

C.     Making an award of all damages and items recoverable under any applicable provision of law, including but no limited to, 15 U.S.C. 1117, which shall include (1) Syrvet's profits based on the aforementioned unlawful conduct and diverted sales; (2) Plaintiffs' damages; (3) the costs of this action; and (4) treble damages.

D.     Awarding Plaintiffs such other relief as the Court may deem just and proper.

MILLER MANUFACTURING COMPANY &
SPRINGER MAGRATH COMPANY.

Date:  February 18, 2011                    By Counsel

s/Kristine M. Boylan
Kristine M. Boylan, Reg. No. 284634
Elizabeth A. Zidones Reg. No. 0387878
MERCHANT & GOULD P.C.
80 South Eighth Street, Suite 3200
Minneapolis, Minnesota 55402-2215
Telephone:  612.332.5300
Facsimile:   612.332.9081